IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEAN DABBASI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:20cv4344 |
| VS. | § | |
| | § | Jury Trial Demanded |
| MOTIVA ENTERPRISES, LLC, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Dean Dabbasi files this Complaint against Defendant Motiva Enterprises, LLC.

### Parties

1. Plaintiff Dean Dabbasi is an individual residing in Texas.

2. Defendant Motiva Enterprises, LLC is a Delaware limited liability company with its main office in Harris County, Texas. Motiva Enterprises may be served through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. Venue is proper because Motiva Enterprises is subject to personal jurisdiction in this District and thus resides in this District for purposes of 28 U.S.C. § 1391.

### Claim for Relief

5. Mr. Dabbasi started working for Motiva Enterprises as a gasoline coordinator in June 2014. He was 48 years old at the time. He mostly worked at a facility in Port Arthur.

6. At the time, Motiva Enterprises was essentially a joint venture between Shell and Aramco. Motiva Enterprises is an employer for purposes of the ADEA, in that it is "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."

7. In 2017, Shell and Aramco split, and Motiva Enterprises came under the control of Aramco. None of this had any immediate impact on Mr. Dabbasi's employment, but over time the supervisors in his hierarchy began to change.

8. Around January 2018, Pat Moore took over as department manager. He talked to Dean about bringing in younger people and rotating them through the group. Around October 2018, the existing production planning manager was moved to a different role and replaced by a 34-year-old. The oldest coordinator on the team announced his retirement and was replaced by a 32-year-old. Another coordinator was promoted to another department and replaced by a 27-year-old. In time, Mr. Dabbasi became the oldest remaining coordinator in the department.

9. In January 2019 (when he was 53 years old), Mr. Dabbasi was told that he was being replaced by the gasoline scheduler, a 34-year-old employee. He was told to train her and that he would become an E&S (economics and scheduling) advisor around July 1.

10. If Motiva Enterprises had kept the promise to make Mr. Dabassi an E&S advisor, Mr. Dabbasi would have been satisfied. But it did not. Instead, it appears that, unbeknownst to Mr. Dabbasi, Motiva Enterprises began to concoct a justification for eliminating Mr. Dabbasi altogether now that it had filled his position with a much younger employee.

11. In May 2019, Mr. Dabbasi had an impromptu meeting with the production planning manager. The manager commented that things seemed to be going well. Mr. Dabbasi told him that he thought his performance was a 9 out of 10, and the production planning manager did not

disagree. In late June 2019, Mr. Dabbasi received his mid-year review, and everything appeared to be fine.

12. Around this time, Mr. Dabbasi heard Pat Moore talking about a younger co-worker performing a function that was an E&S advisor function (the position that had been promised to Mr. Dabbasi). This alarmed Mr. Dabbasi, so he asked his supervisor about his new position. The supervisor was vague, saying that he was still working on it. Later, the supervisor told Mr. Dabbasi that he would not receive the position. He was noncommittal about Mr. Dabbasi's future, but around July 1, 2019, Mr. Dabbasi was moved to an office down the hall by himself.

13. On July 18, 2019, Mr. Dabbasi was summoned to a meeting with his supervisor and two HR reps. They told Mr. Dabbasi that he was being placed on a PIP, which came as a complete shock to Mr. Dabbasi. It is well known that PIPs and the like are devices to fire people, not devices to improve performance.

> Being put on a performance-improvement plan may seem like a second chance, but there's no going back after that. One HR director at a financial services firm said, "If you're put on a performance-improvement plan, you're cooked. I might look you in the eye and say we're going to do everything possible to make this work, but that's just total BS."

Michelle Crouch and Claire Nowak, *14 Secret Signs You Might Be Getting Fired*, Reader's Digest (https://www.rd.com/advice/work-career/signs-you-might-be-getting-fired/). Even if Mr. Dabbasi survived the PIP, he would suffer a massive pay cut over the next two years. In effect, Motiva Enterprises was destroying Mr. Dabbasi's career so that it could bring in younger employees.

14. When he heard about the PIP and realized the implications of what Motiva Enterprises was doing to his career, Mr. Dabbasi's blood pressure skyrocketed. He wound up in the hospital with a cardiac condition. He was on medical leave for about a month.

3

15. When Mr. Dabbasi was able to return to work, he protested the sham PIP and tried to engage the HR reps to discuss it. They refused to discuss the matter, and then confirmed the sham by firing Mr. Dabbasi on August 15, 2019.

16. Mr. Dabbasi filed a charge of discrimination with the EEOC and TWC on February 10, 2020. The EEOC issued a right to sue letter on December 1, 2020.

17. All conditions precedent have occurred or been satisfied.

18. Motiva Enterprises violated the ADEA and Chapter 21 of the Texas Labor Code by replacing Mr. Dabbasi with a younger employee and then terminating him. Motiva Enterprises is therefore liable to Mr. Dabbasi for back pay, loss of benefits, 100% liquidated damages under the ADEA or in the alternative compensatory and punitive damages under Chapter 21 of the Texas Labor Code, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

19. In the alternative, to the extent that Mr. Dabbasi's health condition was a motivating factor in his termination, Motiva Enterprises violated the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code. Mr. Dabbasi's hypertension is a disability within the meaning of the ADA and Chapter 21, or in the alternative Motiva Enterprises regarded Mr. Dabbasi as disabled. Motiva Enterprises is therefore liable to Mr. Dabbasi for back pay, loss of benefits, compensatory and punitive damage, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, Motiva Enterprises should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Mr. Dabbasi and against Motiva Enterprises for back pay, loss of benefits, liquidated damages, reinstatement or in the alternative

front pay, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which he may be entitled.

> Respectfully submitted,
>
> /s/ David C. Holmes
> David C. Holmes, Attorney in Charge
> State Bar No. 09907150
> Southern District No. 5494
> 13201 Northwest Freeway, Suite 800
> Houston, Texas 77040
> Telephone: 713-586-8862
> Fax: 713-586-8863
>
> ATTORNEY FOR PLAINTIFF