IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEAN DABBASI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:20cv4344 |
| VS. | § | |
| | § | Jury Trial Demanded |
| MOTIVA ENTERPRISES, LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL

Plaintiff Dean Dabbasi files this reply in support of motion to compel.

1. Motiva complains at length that Mr. Dabbasi did not choose to engage its counsel's demands for information about his legal theories. This is irrelevant. It is not Mr. Dabbasi's obligation to explain his case to Mr. Quezada. It is Motiva's obligation to produce relevant documents in discovery. We explained the relevance of the requested information very clearly in an e-mail dated January 10, 2022:

> In your client's position statement, your client identified 23 employees in E&S at the time of Mr. Dabbasi's termination [sic]. We asked for information about 2017, 2018, and 2019. Your client has now given us the information for 9 employees, which is less than half of the employees listed (without names) in the position statement. This is not a comparator case. We intend to show the shifting composition of the entire department.

Motiva simply refuses to produce this information. We expect that the reason for this is that the data would show that the age of the employees in Mr. Dabbasi's

department decreased dramatically between 2017 (when Saudi Aramco took control of the company) and 2019 (when Motiva fired Mr. Dabbasi).

2.  Motiva argues that this is not relevant and that discovery is limited to "comparators" (*i.e.,* younger employees who were treated more favorably than Mr. Dabbasi). This is nonsense. Indeed, it is contrary to common sense. If Motiva eliminated older workers throughout Mr. Dabbasi's department during the 2017 to 2019 time period, that is relevant evidence of age discrimination and thus pretext.

3.  The Fifth Circuit rejected Motiva's argument in *Palasota v. Haggar Clothing Co.*, 342 F.3d 569 (5th Cir. 2003). The case involved Haggar's policy of eliminating Sales Associates (mostly over 40) with Retail Marketing Associates (mostly under 40). The evidence in that case included the fact that, around the time of the plaintiff's termination, "Haggar terminated 12 Sales Associates forty years of age or older, including Palasota, while hiring 13 new RMAs, only one of whom was over forty years of age." *Id.* at 572. The evidence also included the fact that "In late 1995, Haggar's President, Frank Bracken, stated that he wanted 'race horses' and not 'plow horses,' while telling Palasota that he was out of the 'old school' of selling." *Id.* (record citations omitted). After the jury found in favor of the plaintiff, the district court granted a JMOL for the employer. The Fifth Circuit reversed:

> **The court also erred by holding that Palasota had to show that Haggar had given preferential treatment to a younger employee under "nearly identical" circumstances.** Without discussing evidence favorable to Palasota, the court summarily

concluded that his theory of the case--that Haggar sought to replace its largely older, male sales force with a younger female sales force--was insufficient to prove disparate treatment. The court stated that Palasota's "attempted comparison with the RMAs, general and conclusory as it was, does not" show preferential treatment under "nearly identical circumstances."

**Treating younger workers more favorably is not the only way to prove age discrimination.** . . . Accepting Haggar's characterization of this dispute as a reduction-in-force case, the plaintiff need only show "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." **Therefore, Palasota was not required to demonstrate that the Sales Associates and RMAs were given preferential treatment or that he was immediately replaced by an RMA.**

The district court observed that, though replacement by a younger worker was not a necessary component of Palasota's *prima facie* case, Palasota still "at the end of the day . . . has to compare himself to a younger worker under 'nearly identical' circumstances to show that he was treated 'disparately' because of his age." This runs counter to *Reeves*, which holds that the establishment of a *prima facie* case and evidence casting doubt on the veracity of the employer's explanation is sufficient to find liability.

**Palasota produced evidence which the district court did not address from which a reasonable juror could conclude that he was terminated as part of Haggar's plan to turn Sales Associate duties over to younger RMAs**. . . . .

. . . Within two months after Palasota refused to accept the severance package, he was "eliminated"; the stated reason for termination was a "reconfiguration of the sales force." **Between December 1, 1996, and March 31, 1998, Haggar terminated twelve Sales Associates, including Palasota. Within one year after Palasota's termination, the Sales Associates assigned to the J.C. Penney's account were terminated and replaced by RMAs. Ninety-five percent of the Sales Associates were males over the age forty, while ninety-five percent of the RMAs were females under forty.**

> **Haggar's chief financial officer testified that increases in the number of RMAs and declines in Sales Associates were designed to offset one another. The former head of Haggar's J.C. Penney account testified that "there was no difference" between the RMAs and Sales Associates, and that the transition was part of a plan to shift sales responsibilities to the younger, predominantly female, RMAs. Coupled with Haggar's mid-1990s campaign to present a more youthful image, a reasonable juror could conclude that Palasota was terminated because of his age.**

*Id.* at 575-77 (citations omitted) (emphasis added).

4.      The Eleventh Circuit reached a similar result in *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354 (11th Cir. 1999):

> First, circumstantial evidence was presented of Soto's discriminatory animus towards older store managers under his direct supervision. **Within one-year period, *four* older, highly experienced store managers, out of a total of *seven* managers under Soto's *direct supervision,* were terminated or demoted, and each was replaced by an employee under forty years old. In addition, Soto also terminated a highly experienced, older assistant store manager, during this time period, and replaced him with an employee under forty years old.** As Soto conceded, "It certainly turns out that what has occurred is that older managers were either fired or demoted and replaced by younger people," and that "in every instance … the older store managers had more years of experience than the people that replaced them." **While not direct evidence of discriminatory animus, we believe that this pattern of firing and demoting *so many* older workers and replacing them with younger workers, *by the relevant decision-maker during the same time period,* constitutes probative circumstantial evidence of age discrimination.**

*Id*. at 1361 (italics in original) (boldface added).

5.      The cases cited by Motiva involve comparators – persons from <u>outside</u> of the employee's class who were supposedly treated more favorably.  *E.g., Mazzella*

*v.  RCA  Glob.  Commc'ns,  Inc.*, 642 F. Supp. 1531 (S.D.N.Y. 1986) ("Accordingly, Mazzella has attempted to demonstrate that the company discriminated against her on the basis of her sex and pregnancy by looking to the company's treatment of male employees.").  As we told Motiva's counsel, this is <u>not</u> a comparator case.  We are seeking the information in question for a different purpose: to show the implementation of Motiva's policy of replacing older workers. Motiva's comparator arguments are irrelevant and a red herring.

Accordingly, the Court should grant this motion and compel Motiva to make a full and complete response to Interrogatory No. 12,

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was sent electronically to all counsel of record on February 11, 2022.

/s/ David C. Holmes
David C. Holmes